Brian A. Comack
  (*bcomack@arelaw.com*)
Thomas Hart
  (*thart@arelaw.com*)
**AMSTER, ROTHSTEIN & EBENSTEIN LLP**
405 Lexington Ave, 48th Fl.
New York, New York 10174
Telephone:  (212) 336-8000
Facsimile:  (212) 336-8001

*Attorneys for Plaintiff Brumis Imports, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUMIS IMPORTS, INC., <br><br> Plaintiff, <br> v. <br><br> INTERNATIONAL HAIR AND BEAUTY SYSTEMS LLC, <br><br> Defendant. | Case No. **1:24-cv-5621** <br><br> **COMPLAINT FOR:** <br><br> **(1) Federal Trademark Infringement Under 15 U.S.C. § 1114** <br> **(2) Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)** <br> **(3) Violation of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d)** <br> **(4) Unfair Competition Under New York Common Law** <br><br> (Jury Trial Requested) |

Plaintiff Brumis Imports, Inc. ("Plaintiff" or "Brumis"), by and through its undersigned

counsel, for its Complaint against Defendant International Hair and Beauty Systems LLC

("Defendant" or "IHBS"), alleges as follows:

## NATURE OF THE ACTION

1.    This action arises out of Defendant's intentional and willful infringement of

Plaintiff's federally registered mark ARETE & ATHENE for beauty and personal care products

(the "ARETE & ATHENE Mark").

2.      Brumis is a well-known manufacturer and importer of a wide variety of products, including beauty and personal care products sold under its ARETE & ATHENE Mark, as well as other product types such as home, kitchen, food preparation and cooking items.

3.      Brumis sells its ARETE & ATHENE beauty and personal care products nationwide, including through its website, located at https://areteandathene.com/, as well as major retailers (both online and brick and mortar) and big box locations (both online and brick and mortar).

4.      Despite Brumis' rights, Defendant is marketing and selling hair care products under the nearly identical and confusingly similar marks ARETÉ and ALCHEMY OF ARETÉ, including on its website located at the confusingly similar domain name, ARETEBEAUTY.COM, and has applied to obtain federal trademark Registrations for ARETÉ and ALCHEMY OF ARETÉ for a wide variety of beauty products and personal care products, including hair care products.

5.      To prevent consumer confusion and damage to the valuable goodwill that Brumis has built in its ARETE & ATHENE Mark, Brumis brings this action for trademark infringement, unfair competition, false designation of origin, and cybersquatting under Sections 32, 43(a), and 43(d) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d), and unfair competition under New York common law.  Brumis seeks injunctive relief, as well as compensatory, and punitive damages resulting from such infringement.

## PARTIES

6.      Plaintiff is a New York corporation having an office and place of business at 42 West 39th Street, New York, New York 10016.

4885-9396-1406v.4

7.      On information and belief, Defendant is a Florida limited liability company with a place of business at 100 3rd St South Suite 100, St. Petersburg, Florida 33701.

## JURISDICTION AND VENUE

8.      This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. §1051, *et seq.*, and under the laws of the state of New York and the common law.

9.      This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Sections 1331 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over Plaintiff's related state common law claims pursuant to Sections 1338 and 1367 of the Judicial Code, 28 U.S.C. §§ 1338 and 1367.

10.     This Court has personal jurisdiction over Defendant because the New York long arm statute reaches Defendant pursuant to N.Y.C.P.L.R. § 301 and/or § 302, as, upon information and belief, (i) Defendant regularly conducts, transacts and solicits business in this District, including by selling the products at issue to consumers in this District; (ii) Defendant caused tortious injury to Plaintiff in the state of New York and in this District; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the state of New York and this District; and (iv) Defendant has sufficient minimum contacts with New York through its business activities offered or conducted in the state of New York, because Defendant ships products to retailers and/or beauty salons located in this District, and operates a highly interactive website that offers Defendant's infringing products for sale to consumers in this District, and because the events giving rise to this Complaint occurred in this state and/or had effects in this state, and Brumis is being harmed in this jurisdiction.

11.     For example, Defendant recently held an event specifically about its infringing

4885-9396-1406v.4

ARETÉ hair care line in New York.



Elevate Your Artistry with Areté 2-Day Live Education Event: 2-Day Pass
Step into the World of Areté, where we are dedicated to inspiring the passion within stylists behind the chair. Recognizing the significance of ongoing education, we are confident that our team of accomplished colorists is the ideal group to deliver this essential knowledge to you.
shop.simplyorganicbeauty.com

12.     Upon information and belief, Defendant ships goods into this District, including the infringing ARETÉ hair care products.

13.     Venue is proper in this District under Section 1391 of the Judicial Code, 28 U.S.C. § 1391(b) because: (i) Defendant's tortious conduct has occurred in this District; (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District; and (iii) Defendant's tortious conduct has caused and will continue to cause injury in this District.

## FACTUAL BACKGROUND

**A.     Brumis' Well Known ARETE & ATHENE Mark**

14.     Brumis is the owner of the well-known, inherently distinctive ARETE & ATHENE, including for the beauty and personal care products below:

non-medicated hand soap, hand lotion, body wash in the nature of a shower gel, body lotion, body butter, body scrub, foot scrub, non-medicated foot lotion, non-medicated bath salts in the form of crystals, bath crystals, bath fizzer, namely, bath bomb, shower fizzer, namely, shower bomb, non-medicated skin care preparations, namely, hand scrub, wash lotion/cream, namely, non-medicated skin care lotion and creams, face mask in the nature of beauty masks for face, non-medicated under eye mask for cosmetic purposes, nail polish, lip balm, lip gloss, lipstick, lip scrub, pumice stones for personal use in Class 3; and sleep masks in Class 25

15.     The ARETE & ATHENE Mark has been in use and in use in U.S. commerce, including in New York, since at least as early as February 2021.

4

4885-9396-1406v.4

16.     In addition to the common law rights Brumus has developed through use of the ARETE & ATHENE Mark, Brumis is the owner of U.S. Trademark Reg. No. 6,997,467 (the "'467 Registration") for the ARETE & ATHENE Mark, including for the above goods in Classes 3 and 25, with a priority filing date of Mar. 17, 2021.  A true and correct copy of the '467 Registration is annexed hereto as Exhibit A.  The USPTO is currently considering an amendment to the listing of goods in the '467 Registration.

17.     The '467 Registration is valid, subsisting, and in full force and effect.

18.     The '467 Registration serves as *prima facie* evidence of the validity of, Brumis' ownership of, and the right to enforce the ARETE & ATHENE Mark in connection with the goods identified in the '467 Registration, related goods and services, and goods and services within Brumis' zone of natural expansion, as provided by Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a).

19.     The ARETE & ATHENE Mark has been advertised and promoted in the United States, including in New York and online at https://areteandathene.com/.

20.     The ARETE & ATHENE Mark is inherently distinctive and well-known.

21.     As such, the ARETE & ATHENE Mark has come to be recognized as denoting beauty and personal care products of excellent quality and value stemming from Brumis, and has become a business asset of significant value to Brumis.

**B.     IHBS's Willful Infringing Activities**

22.     Despite Brumis' established trademark rights, and with actual or constructive notice of those rights, Defendant adopted and commenced use of marks that are nearly identical and confusingly similar to Brumis' registered ARETE & ATHENE Mark.

4885-9396-1406v.4

23.     After Brumis began using the ARETE & ATHENE Mark in or about February, 2021, and after the March 17, 2021 filing date of Brumis' U.S. trademark Application which matured into the '467 Registration, on or about December 30, 2022, Defendant filed two intent-to-use U.S. Trademark Applications for its infringing marks, i.e.,:

(a)     U.S. intent-to-use Trademark Application Serial No. 97/737,378 for ARETÉ (the "ARETÉ  Mark") for "Cosmetics; Fragrances; Beauty care cosmetics; Beauty lotions; Beauty serums; Essential oils; Hair care lotions; Hair care preparations; Hair coloring preparations; Hair colouring and dyes; Hair creams; Hair lotion; Hair oils; Cosmetic creams for skin care; Cosmetic preparations for skin care; Non-medicated skin care preparations" in Class 3; and

(b)     U.S. intent-to-use Trademark Application Serial No. 97/737,384 for ALCHEMY OF ARETÉ (the "ALCHEMY OF ARETÉ Mark") for "Cosmetics; Fragrances; Beauty care cosmetics; Beauty lotions; Beauty serums; Essential oils; Hair care lotions; Hair care preparations; Hair coloring preparations; Hair colouring and dyes; Hair creams; Hair lotion; Hair oils; Cosmetic creams for skin care; Cosmetic preparations for skin care; Non-medicated skin care preparations" in Class 3

(the ARETÉ Mark and ALCHEMY OF ARETÉ Mark are collectively referred to as the "Infringing Marks," and Application Serial Nos. 97/737,378 and 97/737,384 are collectively referred to as the "Infringing Applications").

24.     After Brumis began using the ARETE & ATHENE Mark in or about February, 2021, and after the March 17, 2021 filing date of Brumis' U.S. trademark Application which later matured into the '467 Registration, Defendant began using the Infringing Marks, including without limitation in its domain name ARETEBEAUTY.COM (the "Infringing Domain") and on its associated website, as well as through online retailers Simply Organic (*see* https://shop.simplyorganicbeauty.com/collections/arete) and Holistic Hair Tribe (*see* https://www.holistichairtribe.com/collections/arete-product-collection), and possibly elsewhere.

25.     Defendant also began using the Infringing Marks on goods themselves, including the "Areté Micro-Exfoliating Scalp Treatment Masque", "Areté Lunar Leave-In Conditioning

4885-9396-1406v.4

Mist", "Areté Healing Hair Ceremony Serum", "Areté Heal & Hydrate Hair Wash", "Areté Heal & Hydrate Conditioning Crème", "Areté Detoxifying Herbal Hair Wash", "Areté Daily Rituals Hair Wash", "Areté Daily Rituals Conditioning Crème", "Areté Calm & Soothe Cleansing Milk", and "Areté Botanical Hair Repair Masque" and hair color products.

26.    Defendant's infringement at all times has been willful for at least the following reasons.

27.    *First*, Defendant had constructive notice of Brumis' rights since at least as early as June 28, 2023, when the U.S. Trademark Office issued Office Actions refusing registration of the Infringing Applications based on Brumis' '467 Registration.

28.    *Second*, after the above Office Actions issued, Defendant sought Brumis' consent to use the Infringing Marks, acknowledging Brumis' rights in the ARETE & ATHENE Mark and that Brumis' consent was needed.  When Brumis refused to provide consent, Defendant began using the Infringing Marks anyway.

29.    *Third,* Defendant did not respond to the Office Actions, conceding to Brumis' rights in the ARETE & ATHENE Mark, and that Defendant needed Brumis' consent to use the Infringing Marks. Upon information and belief, despite the foregoing, Defendant later petitioned to revive the Infringing Applications, on or about December 23, 2023, falsely claiming that its failure to respond to the Office Actions was unintentional, when the abandonment had been intentional.

30.    *Fourth,* despite having actual notice of Brumis' rights in the ARETE & ATHENE Mark and the high potential for consumer confusion, Defendant, in blatant and willful violation of Brumis' rights, refused to cease use of the Infringing Marks in connection with hair care products, necessitating this lawsuit.

4885-9396-1406v.4

31.      Defendant's use of the Infringing Marks is knowing and willful and is likely to cause confusion, mistake, or deception in the marketplace as to the source or origin of Defendant's goods, and/or whether those goods are endorsed by or otherwise affiliated with Brumis.

32.      Given the identical nature of the dominant portion of the parties' respective marks, *i.e.,* ARETE, and the identical and overlapping nature of the parties' respective products offered thereunder, *i.e.,* beauty and personal care products, Defendant's use of the Infringing Marks and the Infringing Domain creates the false impression that the parties' respective goods emanate from the same source or that there is an affiliation, license, or other relationship between the parties, when there is not.

33.      Defendant's acts of infringement, unfair competition, and cybersquatting have been willful.

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT**
**UNDER THE LANHAM ACT (15 U.S.C. § 1114)**

34.      Plaintiff repeats and realleges each and every allegation set forth above and incorporates them herein by reference.

35.      Plaintiff owns the '467 Registration for the ARETE & ATHENE Mark.

36.      Plaintiff's registered ARETE & ATHENE Mark is distinctive and has become associated in the public mind with products of high quality and reputation emanating from Brumis as their source.  The goodwill associated with Plaintiff's registered ARETE & ATHENE Mark is of great and incalculable value.

37.      Defendant's distribution, marketing, promotion, offering for sale, and sale of hair care products under the Infringing Marks and Infringing Domain is likely to cause confusion,

8

mistake, or deception as to the source, affiliation, or sponsorship of Defendant's goods.  As a result of Defendant's unauthorized use of designations that are nearly identical and confusingly similar to Plaintiff's registered ARETE & ATHENE Mark, the public is likely to believe that Defendant's goods have been endorsed, offered, sponsored, or approved by, or are affiliated with or originate from Plaintiff, all to the detriment of Brumis.

38.    Defendant is not affiliated or associated with Brumis or its goods and services, and Brumis did not approve or sponsor Defendant or Defendant's goods and services.

39.    Upon information and belief, Defendant's acts are willful, deliberate and done with the intent to confuse the public as to the source of Defendant's goods or services, to injure Brumis, and to reap the benefit of Plaintiff's goodwill.

40.    As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing the ARETE & ATHENE Mark.

41.    Defendant's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

42.    Further, Defendant is causing irreparable injury to Brumis and to its goodwill and reputation, and will continue both to damage Brumis and to deceive the public unless enjoined by this Court.  Brumis has no adequate remedy at law in that the amount of harm to the Brumis business and reputation and the diminution of the goodwill of the ARETE & ATHENE Mark are difficult to ascertain with specificity.  Brumis is therefore entitled to injunctive relief pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

43.    Brumis is entitled to actual monetary damages in an amount to be determined at trial and to any profits made by Defendant in connection with its infringing activities.

44.     Defendant's infringement of the registered ARETE & ATHENE Mark is deliberate, willful, fraudulent, and without extenuating circumstances.  Defendant's infringement is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Brumis is therefore entitled to recover three times the amount of its actual damages and the attorney's fees and costs incurred in this action, as well as prejudgment interest and/or statutory damages pursuant to 15 U.S.C. §1117(c).

## SECOND CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

45.     Plaintiff repeats and realleges each and every allegation set forth above and incorporates them herein by reference.

46.     Defendant's unauthorized use of the Infringing Marks and Infringing Domain is without Brumis' permission or authority and is in total disregard of Brumis' rights to control the quality of products sold under its trademarks.

47.     Defendant's actions as described herein have caused and are likely to cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of Defendant with Brumis, as to the true source of Defendant's goods and services, and as to the sponsorship or approval of Defendant or Defendant's goods by Brumis.

48.     Defendant's acts have damaged and will continue to damage Brumis, and Brumis has no adequate remedy at law.

49.     Defendant's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     In light of the foregoing, Brumis is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks and Infringing Domain and any marks or domains

4885-9396-1406v.4

confusingly similar thereto, and to recover all damages, including attorney's fees, that Brumis

has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a

result of its infringing acts alleged above in an amount not yet known, and costs pursuant to

Section 35 of the Lanham Act, 15 U.S.C. §1117, as well as prejudgment interest.

## THIRD CAUSE OF ACTION

## CYBERSQUATTING UNDER THE LANHAM ACT (15 U.S.C. § 1125(d)(1))

51.     Plaintiff repeats and realleges each and every allegation set forth above and

incorporates them herein by reference.

52.     Upon information and belief, Defendant at all relevant times, is and continues to

be aware of the goodwill, reputation, and value represented and symbolized by the ARETE &

ATHENE Mark and was and continues to be aware that the ARETE & ATHENE Mark is

recognized and relied upon by the trade and the public to identify the beauty and personal care

products of Brumis and to distinguish them from the goods and services of others.

53.     Upon information and belief, notwithstanding the reputation and goodwill

represented by the ARETE & ATHENE Mark and the Defendant's awareness thereof, and, upon

information and belief, precisely because of said awareness, Defendant, upon information and

belief, willfully and in bad faith registered, and in bad faith began using in commerce the

Infringing Domain.

54.     The Infringing Domain (ARETEBEAUTY.COM) is nearly identical and

confusingly similar to the ARETE & ATHENE Mark, which was distinctive and well-known at

the time Defendant registered the Infringing Domain.

55.     Upon information and belief, the activities of Defendant complained of are

willful, intentional, in bad faith and in total disregard of Brumis' rights and were commenced

4885-9396-1406v.4

and have continued despite Defendant's knowledge that the unauthorized registration and use of the ARETE & ATHENE Mark or a copy or a colorable imitation thereof as a domain name, including, without limitation, the Infringing Domain, was and is in direct contravention of Brumis' rights.

56.    The registration and use in commerce by Defendant of the Infringing Domain has been without the consent of Brumis and is likely to cause confusion and mistake in the minds of the purchasing public and falsely create the impression that the beauty and personal care products provided under the Infringing Marks and marketed through Defendant's website associated with the Infringing Domain are authorized, sponsored, or approved by Brumis when in fact, they are not.

57.    Upon information and belief, the activities of Defendant complained of herein were conducted in bad faith and constitute willful and intentional conduct intended to trade on Brumis' reputation.

58.    Defendant's acts as alleged herein violate the federal Section 43(d)(1) of the Lanham Act, 15 U.S.C. § 1125(d)(1).

59.    Defendant's registration and continued use of the Infringing Domain has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Brumis and its business, reputation and goodwill and has caused Brumis to suffer monetary damages in an amount not thus far determined.

60.    Unless restrained and enjoined, the Defendant's aforesaid acts will cause Brumis irreparable harm and damage for which there is no adequate remedy at law.

4885-9396-1406v.4

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

61.     Plaintiff repeats and realleges each and every allegation set forth above and incorporates them herein by reference.

62.     Defendant's unauthorized use of the Infringing Marks in connection with the manufacture and sale of beauty products and personal care products is likely to cause confusion as to the source or sponsorship of these goods and is likely to lead the public to believe that Brumis is affiliated with, sponsors, or endorses Defendant and/or Defendant's goods, and is likely to mislead persons in the ordinary course of purchasing Defendant's goods, thereby injuring the reputation and goodwill.

63.     Defendant's acts of unfair competition are willful and deliberate and done with an intent to reap the benefit of the goodwill and reputation associated with the ARETE & ATHENE Mark and Plaintiff's products offered thereunder, as well as the source of relevant goods.

64.     Defendant's unlawful activities constitute unfair competition under the common law of New York.

65.     Defendant's blatant and willful acts or intended acts of unfair competition, unless enjoined by this Court, will threaten to cause Brumis irreparable damage, loss, and injury to Brumis and its business, reputation, and goodwill, and has caused Brumis to suffer monetary damages in an amount that has yet to be determined.

66.     The aforesaid conduct of Defendant is causing irreparable injury to Brumis and to its goodwill and reputation and will continue to both damage Brumis and deceive the public unless enjoined by this Court.  Brumis has no adequate remedy at law.

4885-9396-1406v.4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.       A finding in favor of Plaintiff that:

(a)       Defendant has infringed the federally registered ARETE & ATHENE

Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

(b)       Defendant has infringed the ARETE & ATHENE Mark and committed

acts of unfair competition and false designation of origin, and otherwise has been unjustly

enriched in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(c)       Defendant's infringement of the ARETE & ATHENE Mark constitutes

cybersquatting in violation of Section 43(d)(1) of the Lanham Act, 15 U.S.C. § 1125(d)(1);

(d)       Defendant's infringement of the ARETE & ATHENE Mark constitutes

unfair competition in violation of the common law of the State of New York; and

(e)       Defendant's infringements as enumerated in Paragraphs 1(a)-(d) of this

Prayer for Relief are willful;

2.       That injunctive relief be issued enjoining Defendant, and any employees, agents,

servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities

owned or controlled by Defendant, and all those in active concert and participation with

Defendant, and each of them who receives notice directly or otherwise of an injunction from:

(a)       providing or promoting goods or services in connection with the

Infringing Marks and/or the Infringing Domain, or otherwise infringing the ARETE & ATHENE

Mark, or any confusingly similar mark to the ARETE & ATHENE Mark, in connection with the

marketing, promotion, advertising, sale, or distribution of any products and services;

(b)       offering, selling, marketing, promoting, advertising, or providing any

4885-9396-1406v.4

goods and services under the Infringing Marks and/or the Infringing Domain, or any confusingly similar mark to the ARETE & ATHENE Mark;

(c)     using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product or service offered by Defendant is in any manner associated or connected with Plaintiff, or is licensed, sponsored, approved, or authorized by Plaintiff;

(d)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of the ARETE & ATHENE Mark;

(e)     disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any services offered in connection with the Infringing Marks and/or the Infringing Domain, or any other mark, domain or designation that is confusingly similar to the ARETE & ATHENE Mark; and

(f)     instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs 2(a)-(e) of this Prayer for Relief;

3.     Directing that Defendant deliver to Plaintiff's counsel for destruction at Defendant's cost all signs, products, packaging, promotional material, advertising material, catalogs, and any other items bearing the Infringing Marks and/or the Infringing Domain, or any mark, domain, or designation that is confusingly similar to the ARETE & ATHENE Mark;

4.     Requiring Defendant to account for and pay over to Plaintiff all profits realized by Defendant from its infringing acts and that such award of profits to Plaintiff be increased by the

15

Court as provided for under 15 U.S.C. § 1117;

5.      Requiring Defendant to pay such actual damages as Plaintiff has sustained in consequence of the acts of Defendant complained of herein, and that any such monetary award be trebled pursuant to 15 U.S.C. § 1117(a) and (b);

6.      Requiring Defendant to pay damages to Brumis in the amount of $100,000 for the Infringing Domain pursuant to 15 U.S.C. § 1117(d);

7.      Requiring Defendant to transfer to Brumis the Infringing Domain and any other domain name or social media handle owned and/or controlled by Defendant that contains the ARETE element or a colorable imitation thereof;

8.      Awarding Plaintiff punitive damages to deter any future willful infringement as the Court finds appropriate;

9.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

10.     Finding this case to be exceptional and awarding Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a);

11.     Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above; and

12.     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

4885-9396-1406v.4

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues triable by a jury.


Dated:  July 25, 2024                      Respectfully submitted,

                                    **AMSTER, ROTHSTEIN & EBENSTEIN LLP**

                                    By:  _/s/ Brian A. Comack_
                                        Brian A. Comack
                                         (*bcomack@arelaw.com*)
                                        Thomas Hart
                                         (*thart@arelaw.com*)
                                        405 Lexington Avenue, 48th Fl.
                                        New York, New York 10174
                                        Telephone: (212) 336-8000
                                        Facsimile:  (212) 336-8001

                                    ***Attorneys for Plaintiff Brumis Imports, Inc.***

4885-9396-1406v.4