USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/30/2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRUMIS IMPORTS, INC.,

        Plaintiff and Counterclaim-Defendant,

        v.

INTERNATIONAL HAIR AND BEAUTY SYSTEMS LLC,

        Defendant and Counterclaim-Plaintiff.

1:24-cv-5621 (MKV)

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY **STIPULATED AND AGREED** by and among Plaintiff Brumis Imports, Inc. ("Brumis") and Defendant International Hair and Beauty Systems LLC ("IHBS") as follows:

**1.**     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production and disclosure of certain documents and information pertaining to the parties' financial information, competitive information, personnel information, product development, or other kinds of commercially sensitive or proprietary information, which requires special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under the applicable law. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated

4929-1457-4348v.3

Protective Order creates no entitlement to file confidential information under seal.

**2.     DEFINITIONS**

    2.1     Party: any party to this action.

    2.2     Disclosure or Discovery Material: all electronic and tangible items, documents, things and/or information, regardless of medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3     "Confidential" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that counsel, in good faith, believes qualify for protection under standards developed under Fed. R. Civ. P. 26(c) on the grounds that the information or things are proprietary or otherwise sensitive non-public information. "Confidential" Information or Items shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Order; (b) is acquired by the non-Designating Party from a third party having the right to disclose such information or material; or (c) was lawfully possessed by, or came into the possession of, the non-Designating Party prior to the entry by the Court of this Order.

    2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: the following categories of extremely sensitive "Confidential" Information or Items that counsel, in good faith, believes that intentional or inadvertent disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means: (a) proprietary and confidential marketing and business plans, analyses, and strategies that the other Party or non-parties could utilize to their competitive

2

advantage if they were provided access to them; (b) proprietary and confidential financial information that the other the other Party or non-parties could utilize to their competitive advantage if they were provided access to them; and (c) other types of proprietary and confidential trade secrets such as lists of customers not publicly known; technical information; pricing, cost, and profitability information; and product research and development plans either not publicly available or available upon the request of a customer that competitors could utilize to their competitive advantage. "Highly Confidential – Attorneys' Eyes Only" Information or Items shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Order; (b) is acquired by the non-Designating Party from a third party having the right to disclose such information or material; or (c) was lawfully possessed by, or came into the possession of, the non-Designating Party prior to the entry by the Court of this Order.

      2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

      2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

      2.7    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

      2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>Expert</u>: an impartial person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a current employee of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. (A competitor of a Party is a person or entity that sells merchandise that is the same as or similar to the merchandise that the Party sells.) This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.      DURATION**

Following the conclusion or termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Stipulated Protective Order shall limit any such designation to specific material that counsel, in good faith, believes qualifies under the appropriate standards. If the Designating Party concludes that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing the incorrect designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated at the time of production or disclosure.

Designation in conformity with this Stipulated Protective Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar clear language or indicia) on each page (unless impractical) that contains Protected Material, unless otherwise agreed upon by the

5

Parties. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") or similar clear language or indicia on each page that contains Protected Material.

(b) <u>for written responses to discovery requests</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on all pages on which Confidential or Highly Confidential – Attorneys' Eyes Only Information appears and by causing the words, "THIS RESPONSE CONTAINS INFORMATION THAT IS CONFIDENTIAL [OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY]" (or similar clear language or indicia) to appear at the beginning of the specific responses containing such information. A Party shall designate only those responses that contain Confidential or Highly Confidential – Attorneys' Eyes Only Information. Responses that do not contain Protected Material shall appear on pages separate from responses that do contain Protected Material.

6

4929-1457-4348v.3

(c) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, that such testimony contains "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Additionally, the Party or non-party that sponsors, offers, or gives the testimony shall have up to fourteen (14) days from the date of receipt of the transcript to identify any specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes Only"). During this fourteen (14) day period, all testimony shall be treated as Highly Confidential – Attorneys' Eyes Only. Counsel for the Designating Party shall have the right to exclude any person who is not authorized by this Order from attending any deposition and from receiving the designated Protected Material, but such right of exclusion shall only apply during periods of examination or testimony constituting, involving or relating to such designated Protected Material.

(d) <u>for documents produced in native format</u>, that the Producing Party include in the file name of the document the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" (or similar clear language or indicia, such as the suffix "CI" or "AEO") for each document containing Protected Material.

(e) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored

4929-1457-4348v.3

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or similar clear language or indicia).

5.3     Inadvertent Production or Failure to Designate.

(a)     An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Producing Party's right to secure protection under this Stipulated Protective Order for such material. In the event that any document or thing qualifying for designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is inadvertently produced without the proper designation, the Producing Party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies of the document or thing in its previously undesignated or misdesignated form. Upon written request by the Designating Party, the Receiving Party will provide written verification of compliance with this provision. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the Designating Party in order for such party to avail itself of the provisions of this Section. However, disclosures made in good faith by a Party receiving such materials, which disclosures were made before the designation of the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall not be a breach of this Order.

8

(b) In the event that any document or thing containing or constituting information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity ("privileged material") is inadvertently produced, the Producing Party shall notify the Receiving Party promptly after it is discovered that the privileged material was inadvertently produced for inspection or provided, and upon receipt of such notification the Receiving Party shall promptly destroy any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing, other than to challenge the propriety of the asserted privilege or immunity. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the producing party in order for such party to avail itself of the provisions of this Section. The inadvertent production of any document or thing for which a claim of attorney client privilege or work-product doctrine is subsequently asserted by the Producing Party shall not constitute a subject matter waiver of a valid claim of privilege or work-product doctrine as to any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

(c) In the event that a Receiving Party receives a document or thing containing privileged attorney-client communications or attorney work product that the Receiving Party believes has been inadvertently produced, the Receiving Party shall notify the Producing Party promptly after it is discovered that the privileged material may have been inadvertently produced for inspection or provided. If the

9

4929-1457-4348v.3

Producing Party has notified the Receiving Party of inadvertent production hereunder, or has confirmed the inadvertent production called to its attention by the Receiving Party, the Receiving Party shall promptly return to counsel for the Producing Party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such document or thing. The inadvertent production of any document or thing for which a claim of attorney-client privilege or work-product doctrine is subsequently asserted by the Producing Party shall not constitute a subject matter waiver of a valid claim of privilege or work-product doctrine as to any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

5.4   <u>Knowing and Voluntary Disclosure of Privileged Material or Work Product</u>. A Party's knowing and voluntary waiver of , the attorney-client privilege or the work-product doctrine as to a document, thing, or communication, shall constitute a waiver only as to that specific document, thing, communication, or information. In no event will the waiver described in this paragraph include: (a) any other document, thing, communication, or information communicated to or from or prepared by or on behalf of any Outside Counsel (or their respective agents) representing either Party in this litigation; or (b) any other document, thing, communication, or information communicated to or from or prepared by or on behalf of any other Outside Counsel of either Party for purposes of this litigation.

10

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1    <u>Timing of Challenges</u>. Any challenge to a Designating Party's confidentiality designation shall be made as promptly as the circumstances permit.

    6.2    <u>Meet and Confer</u>. A Party wishing to challenge a Designating Party's confidentiality designation shall begin the process by conferring with counsel for the Designating Party. The challenging Party must explain why it believes the confidentiality designation is improper. The Designating Party shall have five (5) days in which to review the designated material and either re-designate the material or to explain the basis for the chosen designation. A challenging Party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the Designating Party. (A meeting by video shall be considered a meeting under this paragraph.)

    6.3    <u>Judicial Intervention</u>. If the Parties are unable to informally resolve a challenge to a particular designation, the Parties shall submit the issue for the Court's determination in accordance with Rule 3(D) of the Court's Individual Rules of Practice (Discovery Disputes). On such a submission, the party asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order. Unless and until the Court rules that the material in question is not properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the designated information shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Order.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(b)     not more than three (3) officers, directors, or employees of the Receiving Party (or, in the case of an individual Receiving Party, the Receiving Party itself) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation, except that any party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek

12

leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Ex. A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

(f) any person who appears from the face of the document or other material to have previously received it, for example as an addressee or copyee, or from whose files it was produced; and

(g) any other person(s) as to whom the Parties mutually agree in writing or on the record in a deposition.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to persons listed in Sections 7.2(a) and (c)-(g) of this Order.

7.3 Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a

13

4929-1457-4348v.3

manner that is secure and confidential.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served by a non-party with a subpoena, document request, or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by email and letter) immediately and in no event more than three (3) calendar days after determining that the material is responsive to the request. Such notification must include a copy of the subpoena, document request, or court order.

The Receiving Party also must immediately inform in writing the non-party who caused the subpoena, document request, or order to issue in the other litigation that some or all the material covered by the subpoena, document request, or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena, document request, or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expenses of seeking protection in that court of its confidential material, and nothing in these provisions

4929-1457-4348v.3

should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order.

## 10. FILING PROTECTED MATERIAL

If counsel for any Party determines it is necessary to file with the Court any pleadings, motions, briefs, or other papers that contain or disclose information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", leave of Court must be obtained in accordance with Rule 9 of the Court's Individual Rules of Practice.

Nothing contained in this Stipulated Protective Order shall preclude any Party from using its own Confidential Information in any manner it sees fit, without prior consent of any other Party or the Court. Nothing herein shall operate as any admission by any of the Parties hereto that any particular materials contain or reflect trade secrets, or other confidential or proprietary information.

**11.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, including appeals, each Receiving Party and any Professional Vendors it used must destroy all Protected Material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Upon destruction, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) calendar day deadline that identifies that the obligations of this section has been complied with.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

**12.   DISCLOSURE OF PROTECTED MATERIAL BY NON-PARTIES**

Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by designating that information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order. Any non-party who invokes the protection of this Stipulated Protective Order shall be bound by its obligations.

4929-1457-4348v.3

**13. MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

| Stipulated and agreed to by:<br><br>/s/Richard S. Mandaro<br>Brian Comack<br>Richard S. Mandaro<br>Thomas Hart<br>AMSTER, ROTHSTEIN & EBENSTEIN LLP<br>405 Lexington Ave., 48th Fl.<br>New York, NY 10174<br>Tel: (212) 336-8000<br>bcomack@arelaw.com<br>rmandaro@arelaw.com<br>thart@arelaw.com<br><br>**ATTORNEYS FOR PLAINTIFF BRUMIS IMPORTS, INC.** | /s/Justin MacLean<br>Justin MacLean<br>GREENBERG TRAURIG, LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>Telephone: (202) 801-9200<br>Facsimile: (202) 801-6400<br>Justin.MacLean@gtlaw.com<br><br>Eric Maiers<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>Telephone: (312) 456-8400<br>Facsimile: (312) 456-8435<br>Eric.Maiers@gtlaw.com<br><br>**ATTORNEYS FOR DEFENDANT INTERNATIONAL HAIR AND BEAUTY SYSTEMS LLC** |
|---|---|

17

4929-1457-4348v.3

Date: __January 30_____, 2025    SO ORDERED:

_____[signature: Mary Kay Vyskocil]_____
HON. MARY K. VYSKOCIL
UNITED STATES DISTRICT JUDGE

4929-1457-4348v.3

## APPENDIX 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUMIS IMPORTS, INC.,<br><br>        Plaintiff and Counterclaim-Defendant,<br><br>        v.<br><br>INTERNATIONAL HAIR AND BEAUTY SYSTEMS LLC,<br><br>        Defendant and Counterclaim-Plaintiff. | 1:24-cv-5621 (MKV)<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____ *[print full name]*, of _____ *[print company name & full address]*, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____, 2025 in the above-captioned case.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action, and understand the Court may impose sanctions for any violation of the Stipulated Protective Order.

Date: _____

Printed Name: _____

Signature: _____

4929-1457-4348v.3